STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-01-66
SKS - KEN - 3|30|2002

TRACI JONES,

       Petitioner

   v.

KEVIN CONCANNON,
COMMISSIONER OF
MAINE DEPARTMENT
OF HUMAN SERVICES,

       Respondent

**DECISION ON APPEAL**

DONALD L. GARBRECHT
LAW LIBRARY

APR 3 2002

This matter comes before the court on appeal pursuant to M.R. Civ. P. 80C

from a decision of the Maine Department of Human Services (DHS) denying the

petitioner certain benefits. The decision dated August 2, 2001, was made after a "fair

hearing" before a hearing officer specially appointed by the Commissioner of DHS.

The petitioner filed a timely appeal.

### Background

Petitioner Traci Jones is a single mother of two children who was denied

access to the Parents As Scholars Program administered by DHS. This program

allows recipients of Temporary Aid to Needy Families to receive cash and support

services while attending at two or four year post-secondary academic programs.

Jones' caseworker claimed at hearing that Jones lacked the requisite aptitude for

placement in the program, citing Jones' lack of commitment as evidenced by a

history of sporadic work attendance, changes in residence, and child care problems.

1

Jones offered expert testimony to the contrary, citing her completion of her GED and acceptance at the University of Maine at Augusta on recommendation of the Onward Program, a support program designed to help challenged students in preparation for study at the University of Maine. Students in the Onward Program take 12 to 18 months of courses and undergo aptitude testing. The program judged Jones to be competent and she placed 10th out of 27 in the Onward class. According to testimony, Jones' testing and acceptance at the University were not taken into consideration by the caseworker in making her decision to deny access to the program.

## Discussion

Following the fair hearing, the hearing officer made extensive findings of fact and stated his rationale at length. However, despite the hearing officer's diligence, there is substantial question as to whether he misinterpreted his authority and denied the petitioner the type of decision-making procedure to which she was entitled. According to DHS' administrative hearing regulations, the hearing officer essentially conducts a hearing *de novo* with regard to the caseworker's decision, making fresh findings of fact and applying the law to those found facts. In other words, the hearing officer is not performing an appellate function when conducting a fair hearing.

The hearing officer's statement of his decision is "The Department was correct when it denied Traci Jones' PaS application based on her participation in prior activities.", implying that the hearing officer believed he was performing in an

appellant capacity. Moreover, in his concluding paragraph the hearing officer states:

> In order to prevail in this matter the Department must support their PaS denial action with a preponderance of the hearing evidence. Whether this Hearing Officer would reach the same conclusion, based on the same facts, is irrelevant. There is sufficient reliable evidence in the hearing record to support the Department's action in this matter. The Department has, therefore, satisfied its burden of persuasion in this matter and for that reason their action is affirmed.

Again, this statement reflects a misunderstanding of the hearing officer's role. The question of whether the hearing officer would have reached the same conclusion based on the same facts is extremely relevant because he is to make just such an independent evaluation. It appears that through misunderstanding, the petitioner was denied that independent, *de novo* review.

On remand, the hearing officer should review the record and may conduct additional proceedings as necessary to fulfill his obligation to provide the petitioner with a *de novo* review of her application to the program.

The entry will be:

Appeal SUSTAINED. REMANDED to the Department of Human Services for further proceedings consistent with this opinion.

Dated: March 20 , 2002

S. Kirk Studstrup
Justice, Superior Court

3

Date Filed __9/4/01__ __Kennebec__ Docket No. __AP01-66__
County

Action __Petition for Review__
80C

# J. STUDSTRUP

Traci Jones                                    vs. Kevin Concannon, Comm., Dept. of HumanServ.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Rebekah Smith, Esq.<br>Maine Equal Justice Partners<br>PO Box 5347<br>Augusta, Maine 04332-5347 | Kathleen Ross  Kerry O'Brien, AAG<br>XXXXXXXXXXXXXXXX, Esq.<br>6 State House Station<br>Augusta, Maine 04333-0006 |

| Date of Entry | |
|---|---|
| 9/4/01 | Petition fro Review of Final Agency Action (M.R.Civ.P. 80C), filed. s/Smith, Esq.<br>Application of Plaintiff to Proceed Without Payment of Fees, filed. s/Jones.  Copy-original to follow.<br>Indigency Affidavit, filed. s/Jones, |
| 9/7/01 | ORDER, Atwood, J. (signed 9/6/01)<br>This order is incorporated into the docket by reference at the specific direction of the court.<br>Copies mailed to attys. of record. |
| 9/17/01 | Entry of Appearance on behalf of Department of Human Services, filed. s/Kathleen Ross, AAG.  Record being prepared. |
| 10/11/01 | Certified Record, filed. s/Ross, AAG.<br>Notice of briefing schedule mailed to attys of record. |
| 11/20/01 | Petitioner's Brief, filed. s/Smith, Esq. |
| 12/14/01 | Letter from attorney Kerry O'Brien entering appearance, filed. |
| 12/21/01 | Respondent's Brief, filed.  s/K. O'Brien, Esq. |
| 12/28/01 | Petitioner's Motion to Continue Hearing, filed. s/Smith, Esq. |
| 1/4/10 | Petitioner's Reply Brief, filed. s/Smith, Esq. |
| 1/7/02 | PETITIONER'S MOTION TO CONTINUE HEARING, Studstrup, J.<br>Motion GRANTED.<br>Copies mailed to attys of record. |
| 2/26/02 | Hearing had on oral arguments with Hon. Justice Kirk Studstrup, presiding.<br>Tape #600 Index 1218-2404<br>Rebekah Smith, Esq. for the Plaintiff and Kerry O'Brien, AAG for the State.<br>Oral arguments made to the court. Court to take matter under advisement.<br>Court to issue written order. |
| 3/22/02 | DECISION ON APPEAL, Studstrup, J. (dated 3/20/02)<br>Appeal SUSTAINED.  REMANDED to the Department of Human Services for further proceedings consistent with this opinion.<br>Copies mailed to attys of record .<br>Copies to Deborah Firestone, Garbrecht Library and Goss. |